IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL DAVID EGLI,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00202-TC<br><br>District Judge Tena Campbell |

Petitioner Daniel David Egli has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1.) The United States has responded. (ECF No. 7.) For the following reasons, the court DENIES his motion and DENIES a certificate of appealability.

### BACKGROUND[1]

In 2004, Mr. Egli pled guilty to possessing child pornography and was sentenced to 51 months' incarceration followed by 60 months' supervised release. United States v. Egli, No. 2:04-cr-00577-TC. In 2008, he violated his terms of supervised release, and the court sentenced him to 12 months' incarceration followed by 60 months' supervised release. The court imposed the same terms of release as before, plus an additional term.

In 2010, two months after his second release from incarceration, Mr. Egli again violated his terms of release, including possessing fourteen video files containing child pornography. The United States filed a felony information, and Mr. Egli pled guilty to possessing child

---

[1] The Tenth Circuit recently considered an appeal taken from Mr. Egli's criminal case. United States v. Egli, 13 F.4th 1139 (10th Cir. 2021). The court borrows many of the facts contained in that opinion.

pornography.  United States v. Egli, No. 2:10-cr-00333-TC.  Part of his plea agreement included a § 2255 waiver.  (ECF No. 10 in 2:10-cr-333.)  The court sentenced Mr. Egli to 120 months' incarceration followed by a lifetime term of supervised release.  The court again imposed similar terms of supervised release.

In 2018, just six days after his third release from incarceration, Mr. Egli again violated his terms of release, including possessing Internet-capable devices and accessing pornography.  The court sentenced him to time served (about 5 months) and again placed him on supervised release for life.  Mr. Egli went to a halfway house, where he yet again violated his terms of release by accessing pornography.  He was taken into custody, and the court revoked his supervised release and sentenced him to 11 months' imprisonment and another lifetime term of supervised release.

In 2021, within eight months after his fourth release from incarceration, Mr. Egli yet again violated his terms of release by possessing Internet-capable devices and accessing pornography, including alleged child pornography.  He was detained in federal custody, where he remains today.

Mr. Egli filed the present § 2255 motion in March 2020.  The court stayed this case pending Mr. Egli's appeal of one of the court's special conditions of supervised release.  The Tenth Circuit recently affirmed, 13 F.4th 1139, so the case is no longer stayed.  The court ordered the United States to respond to Mr. Egli's petition, Rule 5(a) of the Rules Governing Section 2255 Proceedings, and it responded on March 24, 2022.

## ANALYSIS

Mr. Egli's petition raises four issues, and the court will consider each in turn.[2]

---

[2] The court addresses his arguments notwithstanding the explicit § 2255 waiver found in his plea agreement.  (ECF No. 10 in 2:10-cr-333.)

He first argues that the amount of time he has served exceeds the 120-month sentence of imprisonment imposed.  True, when one aggregates his 105-month initial sentence and the two supervised-release-violation terms of 5 and 11 months, Mr. Egli has served more than 120 months.  But this is permissible.  The Tenth Circuit rejected a similar argument in United States v. Hernandez, 655 F.3d 1193 (10th Cir. 2011).  There, the Tenth Circuit read 18 U.S.C. § 3583(e)(3)'s language "on any such revocation" to mean that a court does not need to "aggregate and take account of all prior prison terms" every time it revokes a defendant's supervised release and resentences him to a term in prison.  Id. at 1196; see also United States v. Hampton, 633 F.3d 334, 338–41 (5th Cir. 2011) (cited in Hernandez, 655 F.3d at 1196).

The Tenth Circuit did, however, leave open the question of how its holding might be different for defendants with lifetime supervision—where the "endless . . . cycle of revocation and release" does not end.  Hernandez, 655 F.3d at 1198 & n.*.  It later clarified that this "endless . . . cycle" language was dicta.  United States v. Bruley, 15 F.4th 1279, 1284 n.1 (10th Cir. 2021).  There, the court stated that it is "[Congress's] prerogative to decide whether some convictions should carry the potential of a lifetime of supervised release, even though habitual violators of supervised release could be stuck in a cycle of successive revocations."  Id. at 1284.  For defendants like Mr. Egli, who was sentenced to a lifetime of supervised release, any successive "ordinary revocations" under § 3583(e)(3) are constitutional.  Mr. Egli's first argument fails.

Mr. Egli next argues that his sentence exceeds the statutory maximum authorized.  He pled guilty to one count of 18 U.S.C. § 2252A(a)(5)(B).  This count is punishable by up to twenty years' imprisonment for defendants with a prior related conviction.  § 2252A(b)(2). Mr. Egli acknowledged this fact in his plea agreement.  (ECF No. 10 in 2:10-cr-333.)  And he has not

3

received a total term of incarceration longer than twenty years. At the core of Mr. Egli's motion is his apparent belief that lifetime supervision, which opens him up to an endless cycle of revocation and incarceration, is unconstitutional. This argument has been rejected many times. See United States v. Periard, 846 F. App'x 633, 636 (10th Cir. 2021) (citing cases, including one from this court: Jones v. United States, No. 2:14-cr-00616-TC, 2020 WL 5663390, at *1–2 (D. Utah Sept. 23, 2020)); see also Bruley, 15 F.4th at 1284 (calling the potential for an endless cycle of revocation and release under lifetime supervision "the legislature's prerogative"). Mr. Egli's second argument fails.

Mr. Egli then argues that 18 U.S.C. § 3583(k) is unconstitutional as applied to him. This subsection states:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

The Supreme Court has held that the second half of § 3583(k)—mandating a five-year minimum prison sentence for certain supervised-release violations—is unconstitutional. United States v. Haymond, 139 S. Ct. 2369, 2384–85 (2019) (plurality opinion); id. at 2386 (Breyer, J., concurring in the judgment).

Mr. Egli's § 3583(k) argument is flawed for two reasons. First, he was not sentenced under § 3583(k). He did not receive any mandatory minimum sentences for his multiple supervised-release violations. Instead, as stated before, he was sentenced under § 3583(e)(3), which allows imprisonment for no "more than 2 years" when the original offense was a class C

4

felony and the supervised-release term authorized for the original offense was over 2 years. And second, Haymond is not a retroactive decision, so even if it applied here, Mr. Egli could not benefit from it on collateral review. See United States v. Salazar, 784 F. App'x 579, 584 (10th Cir. 2019). Mr. Egli's third argument fails.

    Mr. Egli finally argues that 18 U.S.C. § 3583(h) is unconstitutionally vague as applied to him. This subsection states:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

He contends that because § 3583(h) requires courts to deduct from any future supervised release term "any term of imprisonment that was imposed upon revocation of supervised release," and because it is impossible to deduct time from lifetime supervision, § 3583(h) is unconstitutionally vague. Ironically, the case that Mr. Egli cites, United States v. Rausch, 638 F.3d 1296, 1302–03 (10th Cir. 2011), overruled on other grounds by United States v. Bustamante-Conchas, 850 F.3d 1130 (10th Cir. 2017), plainly states that the impossibility of calculating "life less [X] years" could not prejudice a defendant. "[I]t is highly unlikely that Congress expected the subtraction concept to be applied to a lifetime term of supervised release." United States v. Cassesse, 685 F.3d 186, 191 (2d Cir. 2012); see also United States v. James, 784 F. App'x 801, 802 (D.C. Cir. 2019) (per curiam) ("'[L]ife minus [X] months' really just amounts to 'life.'"). Mr. Egli's fourth argument fails.

/ / /

/ / /

## **CONCLUSION**

Finding no valid ground for Mr. Egli to collaterally attack his sentence, **IT IS ORDERED** that Mr. Egli's 28 U.S.C. § 2255 petition is DENIED. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court also DENIES a certificate of appealability. Mr. Egli has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 25th day of March, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge